IN THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:                                    Chapter 7

ROBERT L. HARRIS,                Case No. 3:16-bk-33326-SHB

        Debtor.

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 9013-1(h)(xv), the court may consider this matter without further notice or hearing unless a party in interest files an objection. If you object to the relief requested in this paper, you must file with the clerk of the court at the following address: Clerk of Court, United States Bankruptcy Court, Howard H. Baker Jr. U.S. Courthouse, 800 Market Street, Suite 330, Knoxville, TN 37902, an objection within twenty-one (21) days from the date that this paper was filed and serve a copy on the movant's attorney, Elliott J. Schuchardt, Schuchardt Law Firm, 200 Prosperity Road, Suite 110, Knoxville, TN 37923. If you file and serve an objection within the time permitted, the court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the court will consider that you do not oppose the granting of the relief requested in this paper and may grant the relief requested without further notice or hearing.

## OBJECTION TO CLAIM OF REAL TIME RESOLUTIONS, INC. (CLAIM NO. 1)

The Debtor, Robert L. Harris, by and through counsel, files this Objection to Claim No. 1, filed by Real Time Resolutions, Inc. In support hereof, the Debtor states as follows:

### Background

1.      The Debtor commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code on November 9, 2016.

2.      On March 27, 2017, Real Time Resolutions, Inc. filed a claim in this case for $14,556.83. The claim purports to be the amount owed by the Debtor on a promissory note dated March 6, 2008. According to the proof of claim, the note was originally secured by a 2006 Sterling truck, which the Debtor no longer owns. The proof of claim admits that the note is now unsecured.

3. The Debtor objects to this claim on the following grounds.

4. First, the Debtor satisfied the promissory note in 2008. No amount is currently owed in connection with this transaction.

5. Second, the creditor's claim is barred by the five-year statute of limitations for contacts in Florida. Florida Stat. § 95-11 (2017). This claim is governed by Florida law because the Debtor entered into the contract in Florida; the truck was purchased in Florida; and the truck was titled in Florida. The Debtor has not made a payment in connection with this note since 2008, when he satisfied the note. The creditor released the title to the Debtor at such time, further evidencing payment in full.

6. Third, the note was originally owed to Transportation Capital LLC. The proof of claim attaches an assignment to Tennessee Commerce Bank. There is no evidence that Real Time Resolutions, Inc. has any interest in the promissory note. Real Time Resolutions, Inc. is therefore not a proper a party to file the claim.

7. Attached, pursuant to Local Rule 3007-1(c), is an Affidavit signed by the Debtor in support of this objection to the claim.

WHEREFORE, for the reasons set forth above, the Debtor respectfully requests that this Honorable Court enter an order disallowing Claim No. 1, filed by Real Time Resolutions, Inc.

Respectfully submitted,

By: /s/ Elliott Schuchardt
Elliott J. Schuchardt
TN Bar No. 27016

SCHUCHARDT LAW FIRM
200 Prosperity Road, Suite 110
Knoxville, TN 37923
Phone: (865) 304-4374
E-mail: elliott016@gmail.com

*Counsel for the Debtor*